

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**ROBYN N. PULLIO**
*Assistant Corporation Counsel*
Special Federal Litigation Division
Tel.: (212) 788-1090
Fax: (212) 788-9776
Email: rpullio@law.nyc.gov

March 31, 2008



APR 0 1 2008
JUDGE CHIN'S CHAMBERS

BY HAND
Honorable Denny Chin
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Guzman Taveraz v. City of New York, et al.</u> 08 CV 2450 (DC)

Dear Judge Chin:

I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel for the City of New York, assigned to the above-referenced case on behalf of defendants the City of New York and Police Commissioner Raymond Kelly. I am writing with the consent of plaintiffs' counsel, Jose A. Muniz, Esq., to respectfully request that the City be granted a sixty (60) day enlargement of time from March 31, 2008, to May 31, 2008, to answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time in this action.

The complaint alleges, *inter alia*, that plaintiff Guzman Taveraz was subjected to false arrest and imprisonment and malicious prosecution. In addition to the City of New York, the complaint also purports to name the New York City Police Department, Detective Beltran and Detective Sanchez as defendants. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to investigate the matter.

Moreover, the enlargement will allow us to ascertain whether the individually named defendants have been served.[1] If service has been effectuated, then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case,

---

[1] Although this office does not currently represent Detective Beltran or Detective Sanchez, and assuming they are properly served, this office also respectfully requests this extension on their behalves in order to prevent their defenses from being jeopardized while representational issues are being resolved.

1

whether we may represent the individually named defendants. The individually named defendants must then decide whether they wish to be represented by this office. If so, we must obtain their written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. The City of New York et al., 64 N.Y.2d 800, 486 N.Y.S. 2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within request extending the City's time to answer the complaint until May 31, 2008.

Thank you for your consideration in this regard.

Respectfully submitted,

Robyn N. Pullo (RP 7777)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:    BY FAX
       Jose A. Muniz
       Law Offices of Jose A. Muniz
       Attorney for Plaintiff
       305 Broadway
       New York, NY 10007
       Fax: (212) 227-0397

Approved.
So ordered.

USDJ
4/7/08

2