



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

ROBYN N. PULLIO
*Assistant Corporation Counsel*
Special Federal Litigation Division
Tel.: (212) 788-1090
Fax: (212) 788-9776
Email: rpullio@law.nyc.gov

May 30, 2008

BY FAX
Honorable Denny Chin
United States District Court Judge
United States District Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007
Fax: (212) 805-7906

       Re: <u>Guzman Taveraz v. City of New York, et al.</u> 08 CV 2450 (DC)

Dear Judge Chin:

       I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel for the City of New York, assigned to the above-referenced case on behalf of defendants the City of New York and Police Commissioner Raymond Kelly. I am writing with the consent of plaintiff's counsel, Jose A. Muniz, Esq., to respectfully request that the City be granted a sixty (60) day enlargement of time from May 31, 2008, to July 31, 2008, to answer or otherwise respond to the complaint. This is the City's second request for an enlargement of time in this action.

       The complaint alleges, *inter alia*, that plaintiff Guzman Taveraz was subjected to false arrest and imprisonment and malicious prosecution. In addition to the City of New York and Police Commissioner Raymond Kelly, the complaint also purports to name the New York City Police Department, Detective Beltran and Detective Sanchez as defendants. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure. The enlargement of time will afford us the opportunity to investigate the matter.

       We are seeking a second adjournment in this matter because the complaint filed by plaintiff provided insufficient information with which to order paperwork related to the underlying incident, and our office has only recently received this information. Specifically, the

complaint failed to identify an incident time, provided only a general incident location of "Streets of New York, in the County of Queens, City and State of New York", and provided conflicting dismissal dates for the underlying criminal case related to this matter. Between March 31, 2008, and May 21, 2008, I made three separate requests of plaintiff's counsel to provide this office with the aforementioned specific incident information in order to generate requests for paperwork and begin to investigate and assess this matter. Additionally, this office forwarded to plaintiff's counsel for execution a release for plaintiff's medical records. This office also forwarded to plaintiff's counsel for execution a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to that statute, all official records concerning plaintiff's arrest and/or prosecution, including police records, are sealed. Defendants cannot obtain these records without the designation and the medical release, and without these records, defendant cannot properly assess this case or respond to the complaint.

On May 28, 2008, plaintiff's counsel provided this office with the incident information that this office needs to commence an investigation into the matter. We are still awaiting the receipt of the aforementioned unsealing releases. Because this office only recently received the incident information necessary to commence an investigation into this matter and because we are also awaiting receipt of releases from plaintiff, we respectfully request the enlargement of time, which will afford us the opportunity to investigate the matter.

Moreover, the enlargement will allow us to ascertain whether the individually named defendants have been served.[1] If service has been effectuated, then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendants. The individually named defendants must then decide whether they wish to be represented by this office. If so, we must obtain their written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. The City of New York et al., 64 N.Y.2d 800, 486 N.Y.S. 2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within request extending the City's time to answer the complaint until July 31, 2008.

Thank you for your consideration in this regard.

*Granted, but only until July 2, 2008.*
*FINAL.*
*SO ORDERED.*

Respectfully submitted,

Robyn N. Pullio (RP 7777)
Assistant Corporation Counsel
Special Federal Litigation Division

---

[1] Although this office does not currently represent Detective Beltran or Detective Sanchez, and assuming they are properly served, this office also respectfully requests this extension on their behalves in order to prevent their defenses from being jeopardized while representational issues are being resolved. However, according to the docket sheet in this matter, it does not appear that any of the individual defendants have been served to date.

*GeDJ*
*6/2/08*

2