UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

GUZMAN TAVERAZ,

                            Plaintiff,

            -against-

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAY KELLY AS COMMISSIONER OF NEW YORK CITY POLICE DEPARTMENT, DETECTIVE BELTRAN, AND SANCHEZ AND JOHN DOE OFFICERS 1-10,

                            Defendants.
------------------------------------------------------------------X

**ANSWER TO COMPLAINT FOR DEFENDANTS CITY, THE NEW YORK CITY POLICE DEPARTMENT AND POLICE COMMISSIONER RAYMOND KELLY**

JURY TRIAL DEMANDED

08 CV 2450 (DC)

       Defendants the City of New York, the New York City Police Department and Police Commissioner Raymond Kelly by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:[1]

       1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that the plaintiff purports to bring this action as stated therein, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the complaint regarding the length of time plaintiff was in custody and the outcome of plaintiff's underlying criminal case.

       2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that the plaintiff purports to invoke this Court's jurisdiction as stated therein.

       3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that the plaintiff purports to bring this action as stated therein.

---

[1] On information and belief, the individuals identified within the complaint as "Detective Beltran" and "Detective Sanchez" have not yet been served with the summons and complaint in this action and, therefore, are not yet defendants in this case.

1

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that the plaintiff purports to invoke this Court's jurisdiction as stated therein.

5. Deny the allegations set forth in paragraph "5" of the complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation existing under the laws of the State of New York.

8. Deny the allegations contained in paragraph "8" of the complaint, except admit that the City of New York maintains a police department.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that Raymond Kelly was the Commissioner of the New York City Police Department on or about May 11, 2005, and remains employed as such through the present time.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that the plaintiff purports to bring this action as stated therein.

14. The allegations set forth in paragraph "14" of the complaint constitute conclusions of law rather than averments of fact, and, accordingly, no response is required.

15. Paragraph "15" of the complaint demands a trial by jury, to which no response is required.

16. In response to the allegations set forth in paragraph "16" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint and all subparts thereof.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that Raymond Kelly was the Commissioner of the New York City Police Department on or about May 11, 2005, and further assert that the remaining allegations contained in paragraph "22" of the complaint constitute conclusions of law rather than averments of fact, and, accordingly, no response is required.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

39 (the second #39). Deny the allegations set forth in paragraph "39" (the second #39) of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

43. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

44. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

45. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the Defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

46. At all times relevant to the acts alleged in the complaint, Defendant City and its agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

47. Punitive damages cannot be recovered from the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

48. Plaintiff's claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

49. Plaintiff has not complied with the conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

50. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

51. The individual defendant, Police Commissioner Raymond W. Kelly, has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

52. Police Commissioner Raymond Kelly had no personal involvement in plaintiff's arrest.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

53. The New York City Police Department is a non-suable entity.

**WHEREFORE,** defendants the City of New York, the New York City Police Department and Police Commissioner Raymond Kelly request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
              July 2, 2008

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel of
                                      the City of New York
                                      Attorney for defendants
                                        City of New York;
                                        the New York City Police Department;
                                        and Police Commissioner Raymond Kelly
                                      100 Church Street
                                      New York, New York 10007
                                      (212) 788-1090

                          By:    _____
                                      ROBYN N. PULLIO (RP 7777)

To:     VIA ECF
        Jose A. Muniz
        Law Offices of Jose A. Muniz
        Attorney for Plaintiff
        277 Broadway , Suite 108
        New York, NY 10007

Docket No. 08 CV 2450 (DC)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| GUZMAN TAVERAZ,<br><br>             Plaintiff,<br><br>      -against-<br><br>CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAY KELLY AS COMMISSIONER OF NEW YORK CITY POLICE DEPARTMENT, DETECTIVE BELTRAN, AND SANCHEZ AND JOHN DOE OFFICERS 1-10,<br><br>             Defendants. |
| **ANSWER TO COMPLAINT FOR DEFENDANTS CITY, THE NEW YORK CITY POLICE DEPARTMENT AND POLICE COMMISSIONER RAYMOND KELLY** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City of New York and the New York City Police Department*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Robyn N. Pullio*<br>*Tel: (212) 788-1090*<br>*NYCLIS No. 2008-008210* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ........................................., 2008*<br><br>*................................................................ Esq.*<br><br>*Attorney for ......................................................* |